5203.   BRIDGES *v.* SOUTHERN BELL TELEPHONE & TELEGRAPH CO.

HILL, J.   1. Where the validity of a sale of property of a corporation was attacked, a book purporting to be a book of minutes of the corporation was admissible in evidence for the purpose of showing prima facie the validity of the sale, the book being identified as such by the testimony of an officer of the corporation acting as the custodian of the book, and there being no allegation or proof of fraud in the keeping of .the book. *Lowry National Bank* v. *Fickett*, 122 *Ga.* 491 (50 S. E. 396); Semple *v.* Glenn, 91 Ala. 245 (6 So. 46, 9 So. 265, 24 Am. St. R. 894).

2. The secretary of a corporation, or one who is acting as secretary, is the proper officer to keep the minutes of the corporation, and the person by whom to prove the authenticity and correctness of the minutes or books of the corporation. *Fraternal Relief Asso.* v. *Edwards*, 9 *Ga. App.* 53 (70 S. E. 265).

3. Where there is an actual meeting of the stockholders of a corporation, and it appears that a majority of the stockholders were present in person at the meeting, it will be presumed, in the absence of any evidence to the contrary, that the meeting was regularly called, and that all stockholders had notice thereof. Sargent *v.* Webster, 13 Metc. (Mass.) 497 (46 Am. Dec. 743); Beardsley *v.* Johnson, 121 N. Y. 224 (24 N. E. 380). In the instant case the plaintiff stockholder, suing for the value of his stock, testified directly that he had no actual notice either of the call of the meeting of the stockholders or of any sale of the property of the corporation in which he was a stockholder, and never thereafter ratified the sale. This being the controlling issue in the case, and there being evidence to overcome the presumption, the question should have been submitted to the jury, and the direction of the verdict was erroneous.

4. The introduction in evidence of a trust deed purporting to secure an issue of bonds by a corporation, and an entry upon it purporting to show that the bonds secured by it had been destroyed and the deed cancelled, was not of itself sufficient to show an outstanding indebtedness.

5. For the reasons stated above, the direction of a verdict in favor of defendant was erroneous.

*Judgment reversed. Russell, C. J., concurs specially.*

DECIDED SEPTEMBER 29, 1914. JUDGE B. H. HILL, OF THE ATLANTA CIRCUIT, WAS DESIGNATED TO SIT IN THIS CASE INSTEAD OF JUDGE ROAN, WHO WAS ABSENT BECAUSE OF ILLNESS.

Action for damages; from city court of Bainbridge—Judge Spooner. October 8, 1913.

*W. V. Custer,* for plaintiff.   *T. S. Hawes,* for defendant.